■ ANGIE G. DEHMLER, Individually and as Parent and Natural Guardian of CHAD DEHMLER, an Infant, Appellant, v COUNTY OF LIVINGSTON, Respondent. — Order unanimously reversed, with costs, and motion denied. Memorandum: On defendant County of Livingston's motion pursuant to CPLR 3216 (subd [a]), Special Term dismissed plaintiff's complaint on the merits for failure to have filed and served a note of issue within 90 days after demand. Issue originally was joined in this action on June 10, 1980. Defendant county moved in December, 1981 for permission to amend its answer to assert the affirmative defense of Statute of Limitations. Permission was granted and the amended answer was served on January 21, 1982. Defendant's motion papers are dated May 21, 1982 and the order dismissing the complaint was entered on June 24, 1982. We reverse. It is a condition precedent to a motion or order to dismiss for want of prosecution under CPLR 3216 (subd [a]) that "[o]ne year must have elapsed since the joinder of issue" (CPLR 3216, subd [b], par [2]). Issue was not finally joined in this action until the amended answer asserting the affirmative defense was served (see CPLR 3018, subd [b]; 203, subd [c]). It follows, therefore, that the motion and order were premature. Thus viewed, there is no need to address the other issues raised on appeal. (Appeal from order of Supreme Court, Livingston County, Kennedy, J. — dismiss complaint.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ In the Matter of DAVID N., a Person Judged to be in Need of Supervision. — Order unanimously reversed and petition dismissed. Memorandum: The evidence adduced at the fact-finding hearing is insufficient as a matter of law to establish beyond a reasonable doubt (see *Matter of Richard S.,* 27 NY2d 802; *Matter of Terry UU,* 52 AD2d 683) that appellant is a person in need of supervision within the meaning of the Family Court Act (§ 712, subd [b]; § 732). (Appeal from order of Erie County Family Court, Sedita, J. — person in need of supervision.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.