■ RAMEL FERNANDEZ et al., Appellants, v ARNOLD A. MINSKY et al., Respondents. [662 NYS2d 574] —In an action to recover damages for medical malpractice, etc., the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated October 22, 1996, as (1) denied that branch of a motion which was to vacate the dismissal of the plaintiffs' complaint for failure to serve and file a note of issue, and (2) denied as academic that branch of the motion in which counsel sought to be relieved from representing the plaintiffs.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the branch of the motion which was to vacate the dismissal of the plaintiffs' complaint is granted and the plaintiffs' complaint is reinstated, and the branch of the motion in which counsel sought to be relieved from representing the plaintiffs is granted and counsel are relieved from representing the plaintiffs with respect to the instant action; and it is further,

Ordered that counsel for the plaintiffs are directed to personally serve the plaintiffs with a copy of this decision and order, with notice of entry, on or before October 24, 1997, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c); and it is further,

Ordered that counsel for the plaintiffs are directed to file with the Clerk of this Court and the Clerk of the Supreme Court, Kings County, proof of service upon the plaintiffs of the instant decision and order; and it is further,

Ordered that no further proceedings shall be taken against the plaintiffs, without leave of the Supreme Court, Kings County, until the expiration of 30 days after service upon them personally of a copy of this decision and order, with notice of entry.

In the instant case the Supreme Court dismissed the plaintiffs' complaint, apparently pursuant to CPLR 3216 (a), based upon the plaintiffs' failure to serve and file a note of issue as directed by the court. Thereafter, the Supreme Court denied that branch of the motion which was to vacate the dismissal of the plaintiffs' complaint and that branch of the motion in which counsel sought to be relieved from representing the plaintiffs. We reverse.

A court, on its own initiative or upon motion, may dismiss a party's pleadings, *inter alia*, where that party "unreasonably fails to serve and file a note of issue" (CPLR 3216 [a]). However, the Court of Appeals has noted that "courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)" (*Chase v Scavuzzo,* 87 NY2d 228, 233). In the instant case, the court improperly dismissed the plaintiffs' complaint based upon their failure to file a note of issue because the plaintiffs were never served with a 90-day notice as required by CPLR 3216 (b) (*see, Chase v Scavuzzo, supra*). Therefore, the branch of the motion which was to vacate the dismissal of the plaintiffs' complaint should have been granted.

Additionally, the branch of the motion in which counsel sought to be relieved from representing the plaintiffs should have been granted (*see, Wells v Community Hosp.,* 120 AD2d 584; *Cohen v Tzimas,* 135 Misc 2d 335, 336-337; Code of Professional Responsibility DR 2-110 [C] [1] [a] [22 NYCRR 1200.15 (c) (1) (a)]). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.