■ CARY SCHWARTZ et al., Appellants, v MARK NATHANSON et al., Respondents. (And Another Title.) [690 NYS2d 635] —In an action to recover damages for injury to personal property, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Feuerstein, J.), entered January 14, 1998, which, *sua sponte*, dismissed their complaint, and (2) an order of the same court, dated August 31, 1998, which denied their motion, *inter alia*, to vacate the order entered January 14, 1998, and to direct the defendants to appear for depositions on a date certain.

Ordered that the appeal from the order entered January 14, 1998, is dismissed, as the order is not appealable as of right and leave to appeal from that order has not been granted (*see*, CPLR 5701 [a], [c]); and it is further,

Ordered that the order dated August 31, 1998, is reversed, on the law, those branches of the plaintiffs' motion which were to vacate the order entered January 14, 1998, and to direct the depositions of the defendants on a date certain are granted, the motion is otherwise denied, the order entered January 14, 1998, is vacated, and the complaint is reinstated; and it is further,

Ordered that the defendants are directed to appear for depositions within 30 days after service upon them of a copy of this order with notice of entry; and it is further,

Ordered that the depositions shall be conducted at a time and place to be set in a written notice of at least 10 days to be served by the plaintiffs upon the defendants, or at such time and place as the parties may agree; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (*see, Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 502-503). Here, because a certification order did not provide the 90-day notice required by CPLR 3216, there was a failure of a condition precedent, and the court was not authorized to dismiss the action on its own motion (*see, Fernandez v Minsky,* 242 AD2d 665, 666; *Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631, 632; *cf., Athanasiou v Esposito,* 212 AD2d 878). As a result, the plaintiffs' motion to vacate the order dismissing the complaint should have been granted.

In view of the evidence that the defendants have refused to comply with their obligation to appear for depositions, that branch of the plaintiffs' motion which was to direct the defendants to appear for depositions on a date certain is also granted. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.