■ IDA RUSCITTI, Individually and as Executor of JOSEPH RUSCITTI, Deceased, et al., Respondents, v GIBSON ENTERPRISES, INC., et al., Appellants. [708 NYS2d 640] —In an action, inter alia, to recover damages for conversion of vehicles and equipment, the defendants appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 16, 1998, which, sua sponte, inter alia, dismissed their counterclaims.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the complaint and the counterclaims are reinstated.

During a brief pretrial conference the plaintiffs stated that they would "waive any claims" if the Supreme Court terminated the action and dismissed all of the defendants' counterclaims. When questioned by the Supreme Court, the counsel for the

defendants could not advise the Supreme Court either of the facts of the case or the parties whom the defendants sought to depose. The Supreme Court concluded the pretrial conference by dismissing the entire action. The Supreme Court subsequently signed an order dated November 16, 1998, dismissing the complaint and all counterclaims noting that over a three-year period the defendants had failed to proceed with or complete discovery.

Courts are prohibited from dismissing an action based on neglect to prosecute unless the statutory preconditions set forth in CPLR 3216 are met (see, Baczkowski v Collins Constr. Co., 89 NY2d 499; Schwartz v Nathanson, 261 AD2d 527). Here, because the preconditions set forth in CPLR 3216 were not met, the Supreme Court was not authorized to dismiss the counterclaims on its own initiative and they must be reinstated (see, Schwartz v Nathanson, supra; Fernandez v Minsky, 242 AD2d 665). In view of our determination, as a matter of discretion in the interest of justice, the plaintiffs' complaint must also be reinstated because the plaintiffs only agreed to the dismissal of their complaint if the entire action was terminated. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.