(July 24, 2003)

■ TWAIN N. REVELL, Appellant, v NEW YORK CARES ORGANIZATION, INC., et al., Respondents, et al., Defendant. [763 NYS2d 259] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 2, 2001, which denied plaintiff's motion to vacate the dismissal of her pre-note of issue case from the calendar, unanimously reversed, on the law, without costs, the dismissal vacated, and the matter restored to the pre-note of issue calendar.

While it is true that a case which has been marked "off" the calendar and not restored within one year is deemed abandoned and is dismissed without costs pursuant to CPLR 3404, where, as here, no note of issue has been filed, CPLR 3404 is inapplicable (*see Lourim v Keystone Shipping Co.*, 302 AD2d 313 [2003]; *Johnson v Minskoff & Sons,* 287 AD2d 233 [2001]).

Indeed, the dismissal of an action for a party's delay or fail-

ure to file a note of issue is governed by CPLR 3216 (*Chase v Scavuzzo,* 87 NY2d 228, 233 [1995]). CPLR 3216 (b) (3) prohibits the dismissal of an action on the ground of general delay or for failure to serve and file a note of issue where the plaintiff has not been served with a 90-day demand to serve and file a note of issue (*Johnson v Minskoff & Sons, supra* at 237; *Greene v New England Mut. Life Ins. Co.,* 257 AD2d 521 [1999]). In this matter, no 90-day demand was served and the preliminary conference order which directed plaintiff to file a note of issue by a certain date and further provided that "in the absence of notification, this matter will be deemed abandoned and dismissed" is insufficient to constitute such notice (*see Bravo v Held,* 303 AD2d 278 [2003]). Moreover, dismissal was improper as this case was dismissed before one year had elapsed from the date issue was joined (CPLR 3216 [b] [2]). Concur—Buckley, P.J., Nardelli, Sullivan and Rosenberger, JJ.