■ XAND CORPORATION, Appellant, v RELIABLE SYSTEMS ALTERNATIVES CORPORATION, Respondent. [827 NYS2d 269]—

In an action, inter alia, to recover damages for fraud in the inducement, the plaintiff appeals, by permission, from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated May 8, 2006, which granted the defendant's oral application to hold it in contempt of court and to strike the complaint for its failure to comply with a prior court order, imposed a fine in the sum of $250, and set the matter down for an inquest on the issue of damages with respect to the defendant's counterclaim. By decision and order on motion dated July 12, 2006, enforcement of the order dated May 5, 2006 was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, with costs, the oral application is denied, and the fine is vacated.

Pursuant to Judiciary Law § 756, a contempt application must be in writing, must be made upon at least 10 days' notice, and must contain on its face the statutory warning that "failure to appear in court may result in . . . immediate arrest and imprisonment for contempt of court" (Judiciary Law § 756). Since the defendant's oral application failed to comply with any of these procedural safeguards, the Supreme Court erred when it punished the plaintiff for contempt for failing to comply with its prior order (see Matter of Angel Marie L., 8 AD3d 669 [2004]; Matter of P&N Tiffany Props. v Williams, 302 AD2d 466 [2003]; Cappello v Cappello, 274 AD2d 538 [2000]).

Furthermore, under the circumstances of this case, that branch of the defendant's oral application which was to strike the complaint based upon the plaintiff's failure to comply with court-ordered discovery should have been denied in the absence of notice and an opportunity to be heard (see Postel v New York Univ. Hosp., 262 AD2d 40, 42 [1999]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.