■ JUDY RATWAY et al., Respondents, v ERIC D. DONNENFELD et al., Appellants, et al., Defendant. [841 NYS2d 597]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated September 15, 2006, which granted the plaintiffs' motion to restore the action to active status and to extend their time to serve and file a note of issue.

Ordered that the appeal by the defendant Ken Carnevale, M.D., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from since the action had already been dismissed as against him (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Eric D. Donnenfeld, M.D., and Ophthalmic Consultants of Long Island, without costs or disbursements.

After, sua sponte, vacating the note of issue pursuant to the Uniform Rules for Trial Courts (*see* 22 NYCRR 202.21 [e]), the Supreme Court issued a certification order dated November 30, 2005, which, inter alia, provided that the action would be deemed dismissed without further order of the court if the plaintiffs failed to file a note of issue within 30 days. In a subsequent order dated February 27, 2006, the Supreme Court, inter alia, directed the plaintiffs to file a note of issue within 60 days. By notice of motion dated June 7, 2006, the plaintiffs moved to restore the action to active status and to extend their time to serve and file a note of issue. The Supreme Court granted the motion.

The certification order dated November 30, 2005 did not constitute a 90-day demand pursuant to CPLR 3216 since it gave the plaintiffs only 30 days within which to file the note of issue (*see Heifetz v Godoy,* 38 AD3d 605 [2007]; *Wollman v Berliner,* 29 AD3d 786 [2006]; *Delgado v New York City Hous. Auth.,* 21 AD3d 522 [2005]). Because the certification order did not meet the statutory preconditions pursuant to CPLR 3216, there was a failure of a condition precedent, and the action could not have been deemed dismissed (*see Delgado v New York City Hous. Auth., supra; Schwartz v Nathanson,* 261 AD2d 527 [1999]). Furthermore, the subsequent order dated February 27, 2006 which extended the plaintiffs' deadline for filing a note of issue, was also insufficient to constitute a 90-day demand since it did not provide the required 90-day notice and failed to advise the plaintiffs that the failure to comply with the demand would serve as the basis for a motion to dismiss the action (*see Heifetz v Godoy, supra; Wollman v Berliner, supra; Delgado v New York City Hous. Auth., supra*). Accordingly, the Supreme Court properly granted the plaintiffs' motion to restore the action to active status and to extend their time to serve and file a note of issue.

Contrary to the appellants' contention, the plaintiffs were not required to demonstrate, inter alia, a meritorious action pursuant to the Uniform Rules for Trial Courts (*see* 22 NYCRR 202.21 [f]), since they had not yet moved to reinstate the note of issue. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.