■ JOSEPH MADIGAN et al., Appellants, v BRETT CROMPTON, Respondent. [844 NYS2d 887]—

In an action to enjoin the violation of certain provisions of a Village zoning ordinance, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated December 11, 2006, which denied their motion to vacate the dismissal of the action upon their failure to timely file a note of issue, and to extend their time to file the note of issue.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, the complaint is reinstated, and the plaintiffs' note of issue is deemed filed.

An action that is in pre-note of issue status may be dismissed for want of prosecution only if the statutory preconditions for such dismissal are met (*see Anthoulis v Mastoros,* 36 AD3d 571 [2007]; *Travis v Cuff,* 28 AD3d 749, 750 [2006]). It is a condition precedent to dismissal under CPLR 3216 (a) that "one year must have elapsed since the joinder of issue" (CPLR 3216 [b] [2]). Dismissal was improper in this case since one year had not elapsed from the date issue was joined (*see* CPLR 3216 [b] [2]; *Revell v New York Cares Org.,* 307 AD2d 214 [2003]; *Dehmler v County of Livingston,* 92 AD2d 739 [1983]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.