■ ROBERT GLADMAN, Appellant, v GERALD MESSURI et al., Respondents, et al., Defendants. [895 NYS2d 839]—

In an action, inter alia, to recover damages for breach of a commercial lease and wrongful eviction, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 20, 2009, which denied his motion, in effect, pursuant to CPLR 2004 to extend the time to serve and file a note of issue.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs, the plaintiff's motion to extend the time to serve and file a note of issue is granted, and an order of the same court entered March 25, 2009, sua sponte, directing dismissal of the complaint if the plaintiff failed to serve and file a note of issue on or before March 31, 2009, is vacated.

On November 19, 2008, at a trial readiness conference, the Supreme Court issued an order, inter alia, directing the plaintiff to file a note of issue within 60 days. By notice of motion dated March 17, 2009, the plaintiff moved to extend the time to serve and file the note of issue. While the motion was pending, the Supreme Court issued an order entered March 25, 2009, sua sponte, directing the dismissal of the complaint unless the plaintiff served and filed a note of issue on or before March 31, 2009. The plaintiff failed to serve and file a note of issue on or before March 31, 2009, and the Supreme Court subsequently denied the plaintiff's motion to extend the time to serve and file the note of issue.

The trial readiness order dated November 19, 2008, did not constitute a 90-day demand pursuant to CPLR 3216 since it gave the plaintiff only 60 days within which to file the note of issue (see Ratway v Donnenfeld, 43 AD3d 465, 466 [2007]; Heifetz v Godoy, 38 AD3d 605 [2007]; Wollman v Berliner, 29 AD3d 786 [2006]). Furthermore, the subsequent order entered March 25, 2009, sua sponte, directing dismissal of the complaint unless the plaintiff served and filed a note of issue on or before March 31, 2009, was also insufficient to constitute a 90-day demand since it did not provide the required 90-day notice (see Ratway v Donnenfeld, 43 AD3d at 466; Heifetz v Godoy, 38 AD3d at 605; Wollman v Berliner, 29 AD3d 786 [2006]). Accordingly, it was an improvident exercise of discretion for the Supreme Court to deny the plaintiff's motion to extend the time to serve and file a note of issue (see Ratway v Donnenfeld, 43 AD3d at 466), and the order entered March 25, 2009, must be vacated. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.