■ ALAKA BANIK et al., Respondents, v EVY REALTY, LLC, Defendant/Third-Party Plaintiff-Appellant, et al., Defendant. UNITED NATIONAL SPECIALTY INSURANCE COMPANY et al., Third-Party Defendants-Respondents. [925 NYS2d 333]—

In an action to recover damages for personal injuries, etc., the defendant Evy Realty, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated August 4, 2010, as, upon reargument, granted those branches of the plaintiffs' motion which were, in effect, to vacate the dismissal of the action as against it and to restore the action as against it to active status.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On September 25, 2009, the Supreme Court, sua sponte, dismissed the action. By notice of motion dated February 3, 2010, the plaintiffs moved, in effect, to vacate the dismissal of the action and to restore the action to active status. The appellant opposed the plaintiffs' motion. In an order dated April 14, 2010, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were, in effect, to vacate the dismissal and to restore the action as against the defendant Evy Realty, LLC (hereinafter Evy), to active status. In an order dated August 4, 2010, however, the Supreme Court granted the plaintiffs' motion for leave to reargue and, upon reargument, granted those branches of the plaintiffs' motion which had previously been denied. Evy appeals from the order dated August 4, 2010.

Neither the order dated April 14, 2010, nor the order appealed from contain any explanation for the original denial of those branches of the plaintiffs' motion which were, in effect, to vacate the dismissal and to restore the action as against Evy to active status or the subsequent granting, upon reargument, of those branches of the plaintiffs' motion. In addition, the record is not clear as to why the action was dismissed on September 25, 2009, in the first instance. The record is devoid of any evidence that there was a conference scheduled for September 25, 2009, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27. Thus, contrary to Evy's contentions, 22 NYCRR 202.27 could not have provided the basis for the order dated April 14, 2010, denying those branches of the plaintiffs' motion which were to vacate the dismissal and restore the action to active status with respect to it (*see Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]; *Clark v Great Atl. & Pac. Tea Co., Inc.*, 23 AD3d 510, 511 [2005]; *Murray v Smith Corp.*, 296 AD2d 445, 446 [2002]).

Furthermore, while the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502-503 [1997]; *Murray v Smith Corp.*, 296 AD2d at 447; *Schwartz v Nathanson*, 261 AD2d 527, 528 [1999]; *Schuering v Stella*, 243 AD2d 623, 624 [1997]). Here, a compliance conference order dated December 9, 2008, which set a date for the filing of the note of issue, did not constitute a valid 90-day demand because there was no warning that failure to file the note of issue by June 5, 2009, would serve as a basis for dismissal under CPLR 3216 (*see Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]; *Ratway v Donnenfeld*, 43 AD3d 465 [2007]; *Patel v MBG Dev., Inc.*, 41 AD3d 682, 683 [2007]). Moreover, a so-ordered stipulation dated September 24, 2009, which extended the plaintiffs' time to file a note of issue until January 19, 2010, could not be deemed a 90-day demand since it failed to advise the plaintiffs that the failure to comply therewith would serve as the basis for a motion to dismiss the action (*see Wasif v Khan*, 82 AD3d 1084 [2011]; *Heifetz v Godoy*, 38 AD3d 605 [2007]; *Wollman v Berliner*, 29 AD3d 786 [2006]).

Accordingly, upon reargument, the Supreme Court properly granted those branches of the plaintiffs' motion which were, in effect, to vacate the dismissal of the action as against Evy and to restore the action as against Evy to active status. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.

Motion by the appellant, on an appeal from an order of the Supreme Court, Kings County, dated August 4, 2010, to strike stated portions of the brief of United National Specialty Insurance Company on the ground that the material "relate[s] to issues wholly unrelated to the issues involved in th[e] appeal," to impose a sanction upon United National Specialty Insurance Company, and for an award of an attorney's fee. By decision and order on motion of this Court dated March 10, 2011, that branch of the motion which is to strike stated portions of the brief of United National Specialty Insurance Company on the ground that the material "relate[s] to issues wholly unrelated to the issues involved in th[e] appeal" was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument and submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the branch of the motion which is to strike stated portions of the brief of United National Specialty Insurance Company is denied. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.