■ LARISA TOLMASOVA, Respondent, v LUDIMILA UMAROVA et al., Defendants, and ROMAN V. POPIK, Appellant. [934 NYS2d 866]—

While the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint pursuant to CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the statutory preconditions to dismissal set forth in CPLR 3216 are met (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502-503 [1997]; *Murray v Smith Corp.*, 296 AD2d 445, 447 [2002]; *Schwartz v Nathanson*, 261 AD2d 527, 528 [1999]; *Schuering v Stella*, 243 AD2d 623, 624 [1997]). Here, a compliance conference order dated October 29, 2009, which set a date for the filing of the note of issue, did not constitute a valid 90-day demand because there was no warning that failure to file the note of issue by March 31, 2010, would serve as a basis for dismissal pursuant to CPLR 3216 (*see Banik v Evy Realty, LLC*, 84 AD3d 994, 996 [2011]; *Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]; *Ratway v Donnenfeld*, 43 AD3d 465 [2007]). There was no other evidence in the record that a proper 90-day demand was served upon the plaintiff, permitting dismissal pursuant to CPLR 3216 (*see Clark v Great Atl. & Pac. Tea Co., Inc.*, 23 AD3d 510, 511 [2005]; *Burdick v Marcus*, 17 AD3d 388 [2005]; *123X Corp. v McKenzie*, 7 AD3d 769 [2004]). Accordingly, the Supreme Court properly, in effect, denied the appellant's cross application to dismiss the action pursuant to CPLR 3216, and granted the plaintiff's motion to extend the time to serve and file a note of issue. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.