■ KATHLEEN NEARY, as Executrix of RAYMOND H. NEARY and Another, Deceased, Respondent, v TOWER INSURANCE et al.,

Defendants, and LINCOLN BROKERAGE CORPORATION, Appellant.
[941 NYS2d 277]—

In an action, inter alia, to recover damages for failure to procure insurance coverage, the defendant Lincoln Brokerage Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 9, 2010, as granted that branch of the plaintiff's motion which was to restore this action to active status.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff moved, inter alia, to restore this action to active status after the Supreme Court, sua sponte, dismissed it pursuant to CPLR 3216 for failure to timely file a note of issue pursuant to a so-ordered stipulation dated May 20, 2008.

"[W]hile the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (*Banik v Evy Realty, LLC*, 84 AD3d 994, 996 [2011], citing *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502-503 [1997]; *see Murray v Smith Corp.*, 296 AD2d 445, 446-447 [2002]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522, 522 [2005]). A 90-day demand to file a note of issue is one of the statutory preconditions (*see* CPLR 3216 [b] [3]; *Maharaj v LaRoche*, 69 AD3d 684 [2010]).

Contrary to the contention of the defendant Lincoln Brokerage Corporation (hereinafter Lincoln), a compliance conference order dated December 5, 2007, which set a date for the filing of a note of issue, did not constitute a valid 90-day demand since it specifically stated that it was not an order constituting a CPLR 3216 notice and, in any event, did not contain language warning that failure to file the note of issue by the deadline date of April 14, 2008, would serve as a basis for dismissal under CPLR 3216 (*see Banik v Evy Realty, LLC*, 84 AD3d at 996; *cf. Sapir v Krause, Inc.*, 8 AD3d 356, 356 [2004]). Moreover, the so-ordered stipulation dated May 20, 2008, which superseded the order dated December 5, 2007, extended the plaintiff's time to file a note of issue until September 17, 2008. This stipulation cannot be deemed a 90-day demand since it failed to advise the plaintiff that the failure to comply with that deadline would serve as the basis for a motion to dismiss the action (*see Banik v Evy Realty, LLC*, 84 AD3d at 996; *Wasif v Khan*, 82 AD3d 1084, 1085 [2011];

*O'Connell v City Wide Auto Leasing*, 6 AD3d 682, 683 [2004]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to restore this action to active status (*see Banik v Evy Realty, LLC*, 84 AD3d at 996; *Ratway v Donnenfeld*, 43 AD3d 465, 466 [2007]).

In view of our determination, we need not reach Lincoln's remaining contentions. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.