In a compliance conference order dated January 21, 2009, the Supreme Court directed the plaintiff to file a note of issue on or before June 23, 2009, “or [the] action may be dismissed.” The order further provided, “[t]his Order does not constitute a CPLR . . .3216 Notice.” The plaintiff failed to file her note of issue on or before June 23, 2009. On August 28, 2009, the matter was marked “disposed.” Thereafter, the plaintiff moved to restore the action to the active calendar, extend the time to file a note of issue, and schedule all outstanding discovery. The Supreme Court found that the compliance conference order had the same effect as a valid 90-day demand pursuant to CPLR 3216, and denied the motion. The plaintiff appeals.
“ ‘[W]hile the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met’ ” (Neary v Tower Ins., 94 AD3d 723, 724 [2012], quoting Banik v Evy Realty, LLC, 84 AD3d 994, 996 [2011]). A 90-day demand to file a note of issue is one of the statutory preconditions (see CPLR 3216 [b] [3]; Neary v Tower Ins., 94 AD3d at 724; Maharaj v LaRoche, 69 AD3d 684 [2010]).
Contrary to the Supreme Court’s determination, the subject compliance conference order did not constitute a valid 90-day demand pursuant to CPLR 3216 (see CPLR 3216 [b] [3]; Neary v Tower Ins., 94 AD3d at 724; Maharaj v LaRoche, 69 AD3d at 684; O’Connell v City Wide Auto Leasing, 6 AD3d 682, 683 [2004]). This compliance conference order specifically stated that it was not an order constituting a CPLR 3216 notice and did not contain any language warning that failure to file the *772 note of issue by the deadline of June 23, 2009, would serve as a basis for dismissal under CPLR 3216 (see Neary v Tower Ins., 94 AD3d at 724; Maharaj v LaRoche, 69 AD3d at 684). Accordingly, the Supreme Court erred in denying the plaintiffs motion to restore the action to the active calendar, extend the time to file a note of issue, and schedule all outstanding discovery.
In light of our determination, we need not address the plaintiffs remaining contention. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.