*513 In an action, inter alia, for a judgment declaring that certain deeds are invalid, the defendant Clifford Wray appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated January 5, 2012, which granted that branch of the plaintiffs’ motion which was, in effect, for leave to renew both their opposition to his motion, among other things, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3216 and their cross motion, in effect, for leave to enlarge the time to serve and file a note of issue, which had been determined in an order of the same court dated August 30, 2011, and, upon renewal, vacated the order dated August 30, 2011, and thereupon denied his motion, inter alia, to dismiss the complaint insofar as asserted against him, and granted the plaintiffs’ cross motion, in effect, for leave to enlarge the time to serve and file a note of issue.
Ordered that the order dated January 5, 2012, is affirmed, with costs.
“[Wjhile the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met” (Banik v Evy Realty, LLC, 84 AD3d 994, 996 [2011]; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 502-503 [1997]; Delgado v New York City Hous. Auth., 21 AD3d 522, 522 [2005]; Murray v Smith Corp., 296 AD2d 445, 446-447 [2002]). “A 90-day demand to file a note of issue is one of the statutory preconditions” (Neary v Tower Ins., 94 AD3d 723, 724 [2012]; see CPLR 3216 [b] [3]; Maharaj v LaRoche, 69 AD3d 684, 684 [2010]).
Here, the defendant Clifford Wray did not serve a 90-day demand, but relied instead on an order dated June 13, 2008, which instructed the plaintiffs that the failure to serve and file a note of issue within 90 days would result in dismissal of the action pursuant to CPLR 3216. This order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Huger v Cushman & Wakefield, Inc., 58 AD3d 682, 684 [2009]; cf. Neary v Tower Ins., 94 AD3d 723, 724 [2012]; Tolmasova v Umarova, 90 AD3d 1028 [2011]; Banik v Evy Realty, LLC, 84 AD3d at 996).
To avoid the sanction of dismissal, the plaintiffs were initially required to comply with the order dated June 13, 2008, either by serving and filing a timely note of issue or by moving, before *514 the default date, to vacate the order or to extend the 90-day period pursuant to CPLR 2004 (see Sanchez v Serje, 78 AD3d 1155, 1156 [2010]; Bokhari v Home Depot U.S.A., 4 AD3d 381, 382 [2004]; McKinney v Corby, 295 AD2d 580, 581 [2002]). Having failed to pursue either of the foregoing options, the plaintiffs were obligated to demonstrate a reasonable excuse for the delay and a potentially meritorious cause of action to avoid the sanction of dismissal (see CPLR 3216 [e]; Dominguez v Jamaica Med. Ctr., 72 AD3d 876 [2010]; Picot v City of New York, 50 AD3d 757, 758 [2008]; McKinney v Corby, 295 AD 2d at 581; Flomenhaft v Baron, 281 AD2d 389 [2001]). In renewing their opposition to Wray’s motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3216 and their cross motion for leave to enlarge the time to serve and file a note of issue, the plaintiffs offered new facts not offered on the prior motion and cross motion that were sufficient to support both their cross motion and their opposition to Wray’s motion. The plaintiffs established that these facts necessarily required the Supreme Court to change its prior determination, and provided a reasonable justification for the failure to present such facts in connection with the prior motion and cross motion (see CPLR 2221 [e] [2], [3]; DeMarquez v Gallo, 94 AD3d 1039, 1040 [2012]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs’ motion which was, in effect, for leave to renew, and thereupon properly denied Wray’s motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him and properly granted the plaintiffs’ cross motion for leave to enlarge the time to serve and file a note of issue. Dillon, J.P, Roman, Miller and Hinds-Radix, JJ., concur.