■ TUNG WA MA, an Incapacitated Person by His Guardian, JAMES MA, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [979 NYS2d 162]—

As a result of a collision between a bus and a vehicle driven by the defendant David I. Cho, the plaintiffs commenced this action against the New York City Transit Authority, New York City Metropolitan Transportation Authority, MTA Bus Company, and Ernie Lamboy (hereinafter collectively the MTA defendants). During discovery, the plaintiffs sought certain employment documents relating to Lamboy, who allegedly was the driver of the bus. At a court appearance on October 10, 2012, the plaintiffs made an oral application pursuant to CPLR 3126 to preclude Lamboy from testifying at trial. The plaintiffs argued that, despite prior requests and orders, the MTA defendants had failed to provide the requested documents. The MTA defendants opposed the application, arguing, inter alia, that they had been unsuccessfully searching for the documents and that, if given the opportunity, they would provide affidavits attesting to the efforts they had made to find them. The Supreme Court granted the plaintiffs' application without giving the MTA defendants an opportunity to show the efforts they had made to find the requested documents.

Before a court may impose the drastic remedy of preclusion for disclosure violations, it must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (see Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1020 [2013]). Here, the court erred in granting the plaintiffs' application pursuant to CPLR 3126 to preclude Lamboy from testifying at trial without first affording the MTA defendants an opportunity to demonstrate their attempts to comply with the prior order (see Xand Corp. v Reli-

*able Sys. Alternatives Corp.*, 35 AD3d 849, 850 [2006]; *cf. Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760, 761 [1999]; *Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]).

The plaintiffs' remaining contention is without merit (*see* CPLR 5526). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.

Motion by the appellants on an appeal from an order of the Supreme Court, Queens County, dated October 12, 2012, to, inter alia, strike stated portions of the respondents' brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 19, 2013, that branch of the motion which is to strike stated potions of the respondents' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or the submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.