■ ATMARA, INC., et al., Appellants-Respondents, v PANORAMIC ACE PROPERTIES, INC., et al., Respondents-Appellants. [58 NYS3d 414]—

Appeals from (1) an order of the Supreme Court, Queens County (Orin R. Kitzes, J.), entered June 17, 2015, and (2) a judgment of that court, entered January 13, 2016, and cross appeal from the judgment. The order denied the plaintiffs' motion to vacate the dismissal of the complaint and restore the action to the court's calendar. The judgment, upon the order entered June 17, 2015, and upon an order dated December 2, 2015, insofar as appealed from, dismissed the complaint and, insofar as cross-appealed from, dismissed the defendants' counterclaims.

Ordered that the appeal from the order entered June 17, 2015, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion to vacate the dismissal of the complaint and restore the action to the court's calendar is granted, the order entered June 17, 2015, is modified accordingly, the order dated December 2, 2015, is vacated, and the defendants' counterclaims are reinstated.

The appeal from the order entered June 17, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Mat-*

*ter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Delijani v Delijani*, 100 AD3d 951, 952 [2012]).

In December 2009, the plaintiffs commenced this breach of contract action, alleging that the defendants failed to make certain deferred payments relating to the defendants' purchase of the plaintiffs' travel agency business. In a compliance conference order dated July 11, 2012, the Supreme Court directed the plaintiffs to file a note of issue on or before November 15, 2012. The order contained language warning that the failure to file the note of issue by November 15, 2012, would serve as a basis for dismissal pursuant to CPLR 3216. However, the plaintiffs' deadline to file the note of issue was extended by a series of stipulations, including a so-ordered stipulation dated November 3, 2014, which did not advise the plaintiffs that the failure to file a note of issue by the deadline set forth therein would serve as a basis for dismissal pursuant to CPLR 3216.

At a court appearance on February 10, 2015, the defendants made an oral application to dismiss the complaint. The Supreme Court granted the oral application, in effect, based upon the plaintiffs' failure to proceed with the case and, sua sponte, directed dismissal of the defendants' counterclaims. The transcript of the oral decision made on February 10, 2015, was so-ordered on December 2, 2015. The plaintiffs moved to vacate the dismissal of the complaint and restore the action to the court's calendar. By order entered June 17, 2015, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal from that order. On January 13, 2016, judgment was entered, upon, inter alia, the order entered June 17, 2015, dismissing the complaint and the defendants' counterclaims. The plaintiffs appeal and the defendants cross-appeal from the judgment.

" '[W]hile the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met' " (*Neary v Tower Ins.*, 94 AD3d 723, 724 [2012], quoting *Banik v Evy Realty, LLC*, 84 AD3d 994, 996 [2011]). "A 90-day demand to file a note of issue is one of the statutory preconditions" (*Alli v Baijnath*, 101 AD3d 771, 771 [2012]; *see* CPLR 3216 [b] [3]; *Neary v Tower Ins.*, 94 AD3d at 724).

Contrary to the defendants' contentions, the so-ordered stip-

ulation dated November 3, 2014, which extended the plaintiffs' time to file the note of issue until January 8, 2015, superseded the compliance conference order dated July 11, 2012. As the so-ordered stipulation dated November 3, 2014, did not advise the plaintiffs that the failure to comply with that deadline would serve as a basis for a motion to dismiss the action, it cannot be deemed a 90-day demand (*see Neary v Tower Ins.*, 94 AD3d at 724; *Banik v Evy Realty, LLC*, 84 AD3d at 996). Furthermore, the complaint could not have properly been dismissed pursuant to CPLR 3126 based upon the plaintiffs' failure to comply with court-ordered discovery since there was no motion requesting that relief (*see* CPLR 3124, 3126; *Goodman v Lempa*, 124 AD3d 581, 581 [2015]; *Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]; *Xand Corp. v Reliable Sys. Alternatives Corp.*, 35 AD3d 849 [2006]; *Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]). Accordingly, the plaintiffs' motion to vacate the dismissal of the complaint and restore the action to the court's calendar should have been granted.

Moreover, the Supreme Court erred in, sua sponte, directing the dismissal of the defendants' counterclaims (*see Bank of N.Y. v Castillo*, 120 AD3d 598, 601 [2014]; *IndyMac Bank, F.S.B. v Yano-Horoski*, 78 AD3d 895, 896 [2010]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.

---

Motion by the defendants on an appeal from an order of the Supreme Court, Queens County, entered June 17, 2015, and an appeal and cross appeal from a judgment of the same court entered January 13, 2016, to dismiss the appeal from the order entered June 17, 2015, on the ground that no appeal lies from an order denying a motion to vacate an oral decision contained in a transcript. By decision and order on motion of this Court dated March 11, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is

Ordered that the motion is denied as academic in light of our determination on the appeals and cross appeal (*see Atmara, Inc. v Panoramic Ace Props., Inc.*, 151 AD3d 922 [2017] [decided herewith]).