Ramirez v Reyes (2019 NY Slip Op 02917)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Ramirez v Reyes

2019 NY Slip Op 02917

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-12513
(Index No. 25112/10)

[*1]Miurkis Ramirez, appellant, et al., plaintiffs,
vSergio E. Reyes, respondent, et al., defendants.

Silberstein Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos of counsel), for appellant.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Miurkis Ramirez appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 11, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Sergio E. Reyes which were pursuant to CPLR 3126 and 3216 to dismiss the complaint insofar as asserted against him by the plaintiff Miurkis Ramirez, and, sua sponte, directed dismissal, pursuant to CPLR 3126 and 3216, of the complaint insofar as asserted against the defendants Sue Yun Huang, Yun Ling Huang, and Yun Sue Huang by that plaintiff.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal, pursuant to CPLR 3126 and 3216, of the complaint insofar as asserted against the defendants Sue Yun Huang, Yun Ling Huang, and Yun Sue Huang by the plaintiff Miurkis Ramirez is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Sergio E. Reyes which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him by the plaintiff Miurkis Ramirez, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof which, sua sponte, directed dismissal, pursuant to CPLR 3126 and 3216, of the complaint insofar as asserted against the defendants Sue Yun Huang, Yun Ling Huang, and Yun Sue Huang by that plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff Miurkis Ramirez to the defendant Sergio E. Reyes.
This personal injury action arose out of a multivehicle accident that occurred in July 2010 in Queens County. In September 2010, the plaintiffs commenced this personal injury action against the defendant Sergio E. Reyes, who was the operator of one of the vehicles, and against the owners or operators of other vehicles allegedly involved in the accident. Reyes timely appeared in the action. The plaintiff Miurkis Ramirez (hereinafter the plaintiff), who was a passenger in the vehicle operated by Reyes, filed a note of issue on June 3, 2013, but due to significant outstanding discovery, that note of issue was vacated by order dated March 31, 2014.
In April 2016, pursuant to CPLR 3216(b)(3), Reyes served the plaintiff with a 90-day notice demanding resumption of the prosecution of the action and the serving and filing of a note of issue. The plaintiff did not serve and file a note of issue and did not move to vacate the 90-day notice or to extend the 90-day period. Accordingly, in May 2017, Reyes moved to dismiss the complaint pursuant to CPLR 3126 and CPLR 3216. In determining Reyes's motion, the Supreme Court cited, discussed, and granted dismissal under both CPLR 3126 and 3216. Further, the court, sua sponte, on the same grounds, directed dismissal of the complaint insofar as asserted against the remaining defendants, who had not joined in Reyes's 90-day demand or his motion to dismiss. The plaintiff appeals.
The Supreme Court should not have granted dismissal under CPLR 3126, inasmuch as there was no showing that the plaintiff had willfully and contumaciously failed to comply with court orders regarding discovery (see CPLR 3126; Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862; Chowdhury v Hudson Val. Limousine Serv., LLC, 162 AD3d 845, 846-847).
A court may dismiss an action for neglect to prosecute under CPLR 3216 only if the statutory preconditions to dismissal are met (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Alli v Baijnath, 101 AD3d 771, 771; Neary v Tower Ins., 94 AD3d 723, 724; Banik v Evy Realty, LLC, 84 AD3d 994, 996). Specifically, issue must have been joined; at least one year must have elapsed since joinder of issue; the defendant or the court must have served on the plaintiff a written demand to serve and file a note of issue within 90 days; and the plaintiff must have failed to serve and file a note of issue within the 90-day period (see CPLR 3216[b]; Baczkowski v Collins Constr. Co., 89 NY2d at 503; JP Morgan Chase Bank v Faracco, 167 AD3d 586; Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 860-861). All of these preconditions have been met here, and therefore, to avoid dismissal of the complaint insofar as asserted against Reyes, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action (see Umeze v Fidelis Care N.Y., 17 NY3d 751, 751; Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559). The plaintiff, however, made neither of these showings. Accordingly, the Supreme Court did not improvidently exercise its discretion in granting that branch of Reyes's motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him by the plaintiff (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 761).
We agree, however, with the plaintiff's contention that the Supreme Court should not have directed dismissal of the complaint insofar as asserted against the remaining defendants by the plaintiff. Those defendants never sought any relief pursuant to CPLR 3126 or 3216, and they may not rely on Reyes's 90-day demand (see Yunga v Yonkers Contr. Co., Inc., 134 AD3d 1031, 1033; Reyes v Ross, 289 AD2d 554, 555; Fichera v City of New York, 79 AD2d 597, 598).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court