Tolkoff v Goldstein (2020 NY Slip Op 04341)





Tolkoff v Goldstein


2020 NY Slip Op 04341


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2016-01246
2016-02533
2016-04222
2016-04223
2016-04224
2016-04230
 (Index No. 11319/06)

[*1]Donna Tolkoff, etc., appellant, 
v
Margaret M. Goldstein, etc., et al., respondents.


Alan Ripka & Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Brian T. Reilly of counsel), for respondent Long Island Diagnostic Imaging.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent John T. Mather Memorial Hospital.
Perry, Van Etten, Rozanski & Primavera, LLP, Melville, NY (Geoffrey H. Pforr and Joseph Strang of counsel), for respondents Dimitri Pyrros and Zelen & Pyrros, M.D., P.C.
Mauro Lilling Naparty LLP, Woodbury, NY (Seth M. Weinberg, Melissa A. Danowski, Albanes & Albanes LLP, Santangelo Benvenuto & Slattery, Gabriele & Marano, LLP, and Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, of counsel), for respondents Jay M. Barbakoff, Jagpreet Dhillon, Anthony C. Theodoris, Walter Szcupak, North Shore Pulmonary Associates, and Margaret M. Goldstein.
Wagner, Doman, Leto & Di Leo, P.C., Mineola, NY (Nicholas J. Albanese and Gary Wagner of counsel), for respondent Long Island Medical Imaging.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated November 18, 2015, (2) a judgment of the same court entered January 15, 2016, (3) a judgment of the same court entered February 18, 2016, (4) a judgment of the same court entered February 23, 2016, (5) a judgment of the same court also entered February 23, 2016, and (6) a judgment of the same court entered March 3, 2016. The order granted the separate motions of the defendant Margaret M. Goldstein, as administrator of the estate of David Goldstein, the defendants North Shore Pulmonary Associates, Walter Szcupak, and Anthony C. Theodoris, the defendant Jay M. Barbakoff, the defendant Jagpreet Dhillon, the defendant Long Island Medical Imaging, the defendants Dimitri [*2]Pyrros and Zelen & Pyrros, M.D., P.C., the defendant John T. Mather Memorial Hospital, and the defendant Long Island Diagnostic Imaging to dismiss the complaint insofar as asserted against each of them and denied the plaintiff's cross motion to extend the time to file a note of issue. The judgments, upon so much of the order as granted the separate motions of the defendants North Shore Pulmonary Associates, Walter Szcupak, and Anthony C. Theodoris, the defendant John T. Mather Memorial Hospital, the defendant Long Island Medical Imaging, the defendants Dimitri Pyrros and Zelen & Pyrros, M.D., P.C., and the defendant Jagpreet Dhillon to dismiss the complaint insofar as asserted against each of them, are in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal from so much of the order as granted the separate motions of the defendants North Shore Pulmonary Associates, Walter Szcupak, and Anthony C. Theodoris, the defendant John T. Mather Memorial Hospital, the defendant Long Island Medical Imaging, the defendants Dimitri Pyrros and Zelen & Pyrros, M.D., P.C., and the defendant Jagpreet Dhillon to dismiss the complaint insofar as asserted against each of them is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the separate motions of the defendant Margaret M. Goldstein, as administrator of the estate of David Goldstein, the defendant Jay M. Barbakoff, and the defendant Long Island Diagnostic Imaging to dismiss the complaint insofar as asserted against each of them are denied, and the plaintiff's cross motion to extend the time to file a note of issue is granted on condition that, within 20 days after service upon the plaintiff's attorney of a copy of this decision and order, the plaintiff shall file a note of issue and pay a sanction in the amount of $1,000 to each of the eight groups of defendants filing separate motions to dismiss; in the event the condition is not complied with, then the plaintiff's cross motion to extend the time to file a note of issue is denied; and it is further,
ORDERED that the judgments are reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the separate motions of the defendants North Shore Pulmonary Associates, Walter Szcupak, and Anthony C. Theodoris, the defendant John T. Mather Memorial Hospital, the defendant Long Island Medical Imaging, the defendants Dimitri Pyrros and Zelen & Pyrros, M.D., P.C., and the defendant Jagpreet Dhillon to dismiss the complaint insofar as asserted against each of them are denied, and the order is modified accordingly.
The appeal from so much of the order as granted the separate motions of the defendants North Shore Pulmonary Associates, Walter Szcupak, and Anthony C. Theodoris, the defendant John T. Mather Memorial Hospital, the defendant Long Island Medical Imaging, the defendants Dimitri Pyrros and Zelen & Pyrros, M.D., P.C., and the defendant Jagpreet Dhillon to dismiss the complaint insofar as asserted against each of them must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action with respect to those defendants (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgments (see CPLR 5501[a][1]).
Contrary to the determination of the Supreme Court, the separate motions of the defendants to dismiss the complaint insofar as asserted against each of them, inter alia, pursuant to CPLR 3216 should have been denied. " [W]hile the failure to comply with a court order directing the filing of a note of issue can, in the proper circumstances, provide the basis for the dismissal of a complaint under CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met'" (Neary v Tower Ins., 94 AD3d 723, 724, quoting Banik v Evy Realty, LLC, 84 AD3d 994, 996). " A 90-day demand to file a note of issue is one of the statutory preconditions'" (Atmara, Inc. v Panoramic Ace Props., Inc., 151 AD3d 922, 923, quoting Alli v Baijnath, 101 AD3d 771, 771). " [T]he courts have no authority to dismiss an action for failure to prosecute, whether on the ground of general delay, or for failure to serve and file a note of issue, unless there has first been served a [90 day notice]'" (Rezk [*3]v New York Presbyt. Hosp./N.Y. Weill Cornell Ctr., 175 AD3d 738, 739, quoting Gatehouse v New York City Hous. Auth., 109 AD3d 457, 458).
Here, the record shows that neither the Supreme Court nor any of the defendants served, pursuant to CPLR 3216, a 90-day demand to file a note of issue on the plaintiff. Moreover, although the court issued a certification order on July 17, 2012 (hereinafter the 2012 certification order), directing the plaintiff to file the note of issue within 90 days of the order, it did not constitute a valid 90-day demand because it did not contain any language warning that the plaintiff's failure to file the note of issue within 90 days would result in dismissal pursuant to CPLR 3216 (see Neary v Tower Ins., 94 AD3d at 724; Banik v Evy Realty, LLC, 84 AD3d 994, 996). Additionally, the 2012 certification order did not set forth specific conduct by the plaintiff constituting neglect (see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 773). Since the plaintiff was never served with a 90-day demand, the court should not have dismissed the complaint due to the plaintiff's failure to file the note of issue (see Campbell v New York City Tr. Auth., 109 AD3d 455, 455-456).
Moreover, the Supreme Court could not rely upon CPLR 3126 as a basis upon which to dismiss the complaint as the plaintiff's failure to timely file the note of issue or to move to extend the time to file the note of issue did not constitute disobedience of an "order for disclosure" (CPLR 3126; see Ramirez v Reyes, 171 AD3d 1114, 1115-1116).
We also disagree with the Supreme Court's determination denying the plaintiff's cross motion, pursuant to CPLR 2004, to extend her time to file the note of issue. Discovery is complete and the defendants failed to establish that they were prejudiced by the plaintiff's failure to timely file the note of issue and her delay in moving for an extension of time to do so (see Oliver v Town of Hempstead, 68 AD3d 1079, 1081; see also New York Timber, LLC v Seneca Cos., 133 AD3d 576, 577).
Under the circumstances of this case, however, the plaintiff's failure to articulate any reasonable excuse for her failure to timely file the note of issue and her inordinate delay in moving to extend the time to file a note of issue requires the imposition of a sanction (see generally Giannoccoli v One Cent. Park W. Assoc., 15 AD3d 348, 349). The plaintiff shall pay a sanction in the amount of $1,000 to each of the eight groups of moving defendants (for a total of $8,000). If this sanction is not paid, and if the note of issue is not filed within 20 days of service of a copy of this decision and order upon the plaintiff's attorney, then the plaintiff's cross motion to extend her time to file the note of issue is denied.
The defendants' remaining contention is without merit (see generally Grant v City of New York, 17 AD3d 215, 216-217; Carte v Segall, 134 AD2d 397, 398).
Accordingly, we reverse the judgments and, to the extent reviewable, the order, deny the defendants' separate motions to dismiss the complaint insofar as asserted against each of them, and grant the plaintiff's cross motion to extend the time to file the note of issue on condition that, within 20 days after service upon the plaintiff's attorney of a copy of this decision and order, the plaintiff shall file a note of issue and pay a sanction in the amount of $1,000 to each of the eight groups of defendants filing separate motions to dismiss.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court