S & G Med. Servs., P.C. v Allstate Ins. Co. (2021 NY Slip Op 50359(U))

[*1]

S & G Med. Servs., P.C. v Allstate Ins. Co.

2021 NY Slip Op 50359(U) [71 Misc 3d 134(A)]

Decided on April 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-552 K C

S & G Medical Services, P.C., as
Assignee of Nicolette Harvey, Appellant,
against
Allstate Ins. Co., Respondent. 

Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Peter C. Merani, P.C. (Adam J. Waknine and Samuel Kamara of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 23, 2019. The order granted defendant's motion to dismiss the
complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to dismiss the
complaint is denied.
Plaintiff commenced this action in 2015 to recover assigned first-party no-fault benefits.
Defendant failed to appear in the action, and, on February 8, 2016, a default judgment was
entered upon plaintiff's motion. Defendant thereafter served an answer by mail and moved to
dismiss the complaint for lack of jurisdiction, or, in the alternative, to vacate the default
judgment, extend defendant's time to answer and compel plaintiff to accept the answer. Plaintiff
opposed the motion. By order entered July 28, 2017, the Civil Court (Andrew Borrok, J.) granted
defendant's motion to the extent of vacating the default judgment, stating that the "answer served
by defendant is deemed served and received by plaintiff." On November 2, 2017, defendant
served plaintiff with a 90-day demand to file a notice of trial, which demand plaintiff rejected as
premature. On February 1, 2018, defendant moved, pursuant to CPLR 3216, to dismiss the
complaint on the ground that plaintiff had failed to prosecute the action. Plaintiff opposed and
now appeals from an order of the Civil Court entered January 23, 2019 granting defendant's
motion.
A court may dismiss an action for failure to prosecute under CPLR 3216 only if the statutory
preconditions to dismissal are met (see Baczkowski v Collins Constr. Co., 89 NY2d 499,
503 [1997]; Alli v Baijnath, 101 AD3d 771 [2012]; Neary v Tower Ins., 94 AD3d
723 [2012]). In the instant case, as defendant moved to dismiss the complaint in February 2018,
before the expiration of one year after the Civil Court had deemed defendant's answer served as
[*2]of July 28, 2017, defendant failed to satisfy a statutory
precondition to dismissal of the complaint (see CPLR 3216 [b] [2]; Madigan v
Crompton, 45 AD3d 650 [2007]). Consequently, there was no basis for the Civil Court to
grant defendant's motion to dismiss the complaint pursuant to CPLR 3216.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint is
denied.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 23, 2021