■ RAYMOND ARMSTRONG, Appellant, v B.R. FRIES & ASSOCIATES, INC., Respondent. (And a Third-Party Action.) [945 NYS2d 74]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 26, 2011, which denied plaintiff's motion to vacate dismissal of the action and restore it to the calendar, unanimously reversed, on the law, without costs, the motion granted, the dismissal vacated, and the matter restored to the active calendar. Appeal from order, same court and Justice, entered October 15, 2010, which sua sponte directed dismissal of the complaint unless plaintiff filed a note of issue on October 20, 2010, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff's motion to vacate the order of dismissal should have been granted since, whether the dismissal was pursuant to CPLR 3216 (b) (3) or CPLR 3126, it did not comply with statu-

tory requirements. The case was marked dismissed after plaintiff failed to comply with a status conference order directing him to serve and file a note of issue within seven days. That order did not comply with the requirements of CPLR 3216 (b) in that plaintiff was not given 90 days to file a note of issue, and the order did not contain a statement that, inter alia, a "default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed" (CPLR 3216 [b] [3]; *see Cadichon v Facelle*, 18 NY3d 230, 235 [2011]). Since there was no motion pursuant to CPLR 3216 (b) (3), or notice to plaintiff, the case could not be dismissed for failure to prosecute (*see Cadichon* at 235).

Nor was dismissal proper as a discovery sanction pursuant to CPLR 3126 (3), since there was no finding of "willful and contumacious" conduct on plaintiff's part justifying dismissal of the complaint (*see Jones v Green*, 34 AD3d 260, 261 [2006]). Moreover, the extreme penalty of dismissal should not be imposed in the absence of any prior notice to plaintiff that such a sanction might be imminent (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]). We note that plaintiff's adversaries did not move for such relief and did not oppose the motion to vacate or this appeal.

The status conference order itself is not appealable as of right because it is not an order which determined a motion made upon notice (*see Postel* at 41). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.