■ US Bank National Association, Appellant, v Frank Saraceno, Sr., et al., Respondents, et al., Defendants. [48 NYS3d 163]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 28, 2013, which, sua sponte, inter alia, directed it to file either a motion for a judgment of foreclosure and sale or a notice of discontinuance of the action within 90 days, or provide the court with a good faith basis for noncompliance, and (2) an order of the same court dated March 23, 2015, which denied its unopposed motion, inter alia, for a judgment of foreclosure and sale, and determined that the action had been automatically dismissed based on the plaintiff's failure to comply with the terms of the order dated March 28, 2013.

Ordered that the appeal from the order dated March 28, 2013, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal has not been granted; and it is further,

Ordered that the order dated March 23, 2015, is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, for a judgment of foreclosure and sale is granted.

The plaintiff commenced this foreclosure action against the defendant mortgagors, Frank Saraceno, Sr., and Frank Saraceno, Jr. (hereinafter together the Saracenos), and others, in late 2009. In August 2010, following the Saracenos' failure to appear or answer, the plaintiff obtained an order of reference from the Supreme Court. A series of unforeseen delays then ensued, occasioned by the collapse of the law firm representing the plaintiff, the substitution of new counsel, the effects of Superstorm Sandy on the area in which the mortgaged premises were located, and the plaintiff's reassessment of the property in the aftermath of the storm. On March 28, 2013, the Supreme Court issued an order directing, sua sponte, inter alia, that the plaintiff submit either a motion for a judgment of foreclosure and sale or a notice of discontinuance of the action within 90 days. The order further provided that "[t]he failure to comply with the order or provide the court with a good faith basis for noncompliance will result in the dismissal of this action without prejudice."

According to the evidence in the record, the plaintiff's counsel

thereafter advised the Supreme Court by letter, within the 90-day window, that the plaintiff was unable to move for a judgment of foreclosure and sale by the deadline and would need more time because additional supporting evidence for the motion was being acquired. The court did not respond to counsel's letter, did not direct the parties to show cause as to why the action should not be dismissed, and did not issue any formal order dismissing the complaint.

Thereafter, the plaintiff continued to prosecute the action, gathering additional and updated financial information, and conducting due diligence to confirm the accuracy of the submissions in accordance with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts. The plaintiff subsequently moved for a judgment of foreclosure and sale, and the motion was not opposed. In an order dated March 23, 2015, the Supreme Court denied the motion and claimed for the first time that, since the plaintiff did not comply with its March 28, 2013, "self effecting" order, the action had been automatically dismissed on June 27, 2013.

As the plaintiff correctly observes, the ministerial dismissal of the action was improper. Although the Supreme Court appears to have relied upon CPLR 3216 (b) as authority for its actions, the order dated March 28, 2013, failed to constitute a valid 90-day demand under that statute, since it did not recite that noncompliance with its terms "will serve as a basis for a motion . . . for dismissal . . . for unreasonably neglecting to proceed" (CPLR 3216 [b] [3]; see Chase v Scavuzzo, 87 NY2d 228, 233 [1995]). Moreover, the court never directed the parties to show cause as to why the action should not be dismissed, and did not enter a formal order of dismissal on notice to the parties as required by CPLR 3216 (a) (see Cadichon v Facelle, 18 NY3d 230 [2011]; Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697 [2012]). Accordingly, the ministerial dismissal, made without notice and without benefit of further judicial review, was erroneous (see Cadichon v Facelle, 18 NY3d at 236). In any event, dismissal was improper because the letter of the plaintiff's counsel to the court, which provided a good faith explanation for the delay in moving for a judgment of foreclosure and sale, adequately and timely complied with the terms of the order dated March 28, 2013, and that the plaintiff's conduct did not prejudice the Saracenos and did not support any inference of an intent to abandon the action (see Lee v Rad, 132 AD3d 643, 644 [2015]; Schneider v Meltzer, 266 AD2d 801, 802 [1999]).

The plaintiff correctly contends that it demonstrated its

entitlement to a judgment of foreclosure and sale by submitting both evidence establishing the merits of its unopposed motion and the referee's findings and report (*see Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680 [2015]; *HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930 [2015]). Accordingly, the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale should have been granted. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.