■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v ROSE COTTON, Respondent, et al., Defendants. [46 NYS3d 913]—

In an action to foreclose a mortgage, the plaintiff appeals from a order of the Supreme Court, Kings County (Silber, J.), dated March 19, 2015, which denied its unopposed motion to vacate an order of the same court (Dabiri, J.), dated February 11, 2014, which, sua sponte, conditionally dismissed the action pursuant to CPLR 3216 and directed the County Clerk to vacate the notice of pendency unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days from February 11, 2014, and to restore the action to the active calendar.

Ordered that the order dated March 19, 2015, is reversed, on the law, without costs or disbursements, the plaintiff's motion to vacate the order dated February 11, 2014, and to restore the action to the active calendar is granted, the order dated February 11, 2014, is vacated, and the action is restored to the active calendar.

On February 11, 2014, the Supreme Court, sua sponte, entered an order pursuant to CPLR 3216 dismissing the instant action and directing the County Clerk to vacate the notice of pendency "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." It appears that the action was thereafter administratively dismissed on June 5, 2014, without further notice to the parties.

On December 11, 2014, the plaintiff moved to vacate the dismissal and to restore this action to the active calendar. The Supreme Court denied the motion, which was unopposed.

An action cannot be dismissed pursuant to CPLR 3216 (a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirement, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed' " (*Cadichon v Facelle*, 18 NY3d 230, 235 [2011] [emphasis omitted], quoting CPLR 3216 [b] [3]).

Here, the order dated February 11, 2014, which purported to serve as a 90-day notice pursuant to CPLR 3216, was defective in that it failed to state that the plaintiff's failure to comply with the notice "will serve as a basis for a motion" by the court to dismiss the action for failure to prosecute (CPLR 3216 [b] [3]). The Supreme Court thereafter erred in administratively dismissing the action without further notice to the parties (*see Cadichon v Facelle*, 18 NY3d at 235-236; *Armstrong v B.R. Fries & Assoc., Inc.*, 95 AD3d 697 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated February 11, 2014, and to restore the action to the active calendar.

In light of our determination, we need not consider the plaintiff's remaining contentions. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.