■ BANKUNITED, as Assignee of the FDIC, as Receiver for BankUnited, FSB, Plaintiff, v LEV KHEYFETS et al., Appellants, et al., Defendants. CHRISTIANA TRUST, a Division of WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee for STANWICH MORTGAGE LOAN TRUST, SERIES 2012-19, Nonparty Respondent. [57 NYS3d 159]—

In an action to foreclose a mortgage, the defendants Lev Kheyfets and Arkady Kheyfets appeal from an order of the Supreme Court, Kings County (Graham, J.), dated May 7, 2015, which granted the motion of nonparty Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2012-19, as assignee of

the plaintiff, in effect, to vacate an order of the same court (Knipel, J.) dated August 15, 2013, conditionally dismissing the action pursuant to CPLR 3216, and to restore the action to the calendar.

Ordered that the order dated May 7, 2015, is affirmed, with costs.

CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with. As relevant here, one precondition is that the court must serve the plaintiff with a written demand to serve and file a note of issue within 90 days after receipt of the demand (*see* CPLR 3216 [b] [3]; *Cadichon v Facelle*, 18 NY3d 230, 235 [2011]).

On August 15, 2013, the Supreme Court issued a conditional order of dismissal pursuant to CPLR 3216, stating that this action would be dismissed unless the plaintiff filed a note of issue or otherwise sought entry of judgment by motion within 90 days. However, there is no indication that the plaintiff's counsel was present at the status conference at which the court issued the conditional order of dismissal, and there is no evidence that the order was ever properly served upon the plaintiff. Consequently, the court was without power to dismiss the action for the plaintiff's failure to comply with the conditional order of dismissal (*see Krause v Lobacz*, 131 AD3d 1128, 1129-1130 [2015]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]; *Ovchinnikov v Joyce Owners Corp.*, 43 AD3d 1124, 1126 [2007]). Accordingly, the court properly granted the motion of nonparty Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2012-19, as assignee of the plaintiff, in effect, to vacate the conditional order of dismissal and to restore the action to the calendar. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.