Deutsche Bank Natl. Trust Co. v Bastelli (2018 NY Slip Op 05822)





Deutsche Bank Natl. Trust Co. v Bastelli


2018 NY Slip Op 05822


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-00463
 (Index No. 36333/07)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Nicola Bastelli, et al., defendants; Contact Holding Corp., intervenor-respondent.


Dorf & Nelson LLP, Rye, NY (Jessica J. Kastner and Jonathan B. Nelson of counsel), for appellant.
Warner & Scheuerman, New York, NY (Jonathan D. Warner and Karl E. Scheuerman of counsel), for intervenor-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 29, 2015. The order denied the plaintiff's motion to vacate an order of the same court dated October 3, 2013, conditionally dismissing the action pursuant to CPLR 3216, and granted the cross motion of nonparty Contact Holdings Corp. for leave to intervene as a defendant.
ORDERED that the order dated October 29, 2015, is modified, on the law, by deleting the provision thereof denying the plaintiff's motion to vacate the order dated October 3, 2013, and substituting therefor a provision granting the motion; as so modified, the order dated October 29, 2015, is affirmed, without costs or disbursements.
In a conditional order of dismissal dated October 3, 2013, the Supreme Court stated that, at a status conference held that day, it had found "that more than one year has elapsed since the joinder of issue and plaintiff has unreasonably neglected to prosecute this action." In the same order, the court stated that it was dismissing the action pursuant to CPLR 3216, and directing the County Clerk to vacate a notice of pendency, "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." The plaintiff failed to comply with the order and, on July 10, 2014, the action was, apparently, administratively dismissed, without further notice to the parties.
Thereafter, in May 2015, the plaintiff moved to vacate the dismissal. The nonparty property owner, Contact Holdings Corp. (hereinafter Contact), which had acquired title to the property in August 2013, opposed the motion and cross-moved for leave to intervene as a defendant. The Supreme Court denied the motion and granted the cross motion. The plaintiff appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (BankUnited v Kheyfets, 150 AD3d 948, 949; see CPLR 3216[b][3]). As relevant here, an action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal [*2]as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). While a conditional order of dismissal may have "the same effect as a valid 90-day notice pursuant to CPLR 3216" (Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818; see Griffith v Wray, 109 AD3d 512, 513; Stallone v Richard, 95 AD3d 875, 876), the conditional order here "was defective in that it failed to state that the plaintiff's failure to comply with the notice will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021, quoting CPLR 3216[b][3] [emphasis added]). Moreover, the conditional order failed to satisfy the notice requirement on the additional ground that there was "no indication that the plaintiff's counsel was present at the status conference at which the court issued the conditional order of dismissal," nor was there "evidence that the order was ever properly served upon the plaintiff" (BankUnited v Kheyfets, 150 AD3d at 949). In the absence of proper notice, "the court was without power to dismiss the action for the plaintiff's failure to comply with the conditional order of dismissal" (id.). Lastly, the Supreme Court erred in administratively dismissing the action without further notice to the parties and without benefit of further judicial review (see Cadichon v Facelle, 18 NY3d at 235-236; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006; Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697, 698). Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated October 3, 2013, and to restore the action to the active calendar.
The Supreme Court providently exercised its discretion in granting Contact's cross motion for leave to intervene (see CPLR 1012, 1013; cf. Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066; Oparaji v Weston, 293 AD2d 592, 593).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court