JP Morgan Chase Bank v Faracco (2018 NY Slip Op 08286)





JP Morgan Chase Bank v Faracco


2018 NY Slip Op 08286


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-10918
 (Index No. 15057/09)

[*1]JP Morgan Chase Bank, etc., appellant, 
v
John Faracco, et al., defendants.


Parker Ibrahim & Berg LLC, New York, NY (Ben Z. Raindorf of counsel), for appellant.
Charles H. Wallshein, Melville, NY, for defendant John Faracco.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated February 26, 2016. The order denied the plaintiff's unopposed motion, inter alia, to vacate an order of the same court dated April 11, 2013, conditionally dismissing the action for failure to comply with its terms and, upon vacatur, for a judgment of foreclosure and sale.
ORDERED that the order dated February 26, 2016, is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, to vacate the order dated April 11, 2013, and, upon vacatur, for a judgment of foreclosure and sale, is granted.
In April 2009, the plaintiff commenced this action to foreclose a mortgage given by the defendant John Faracco (hereinafter the defendant). Following the defendant's failure to appear or answer the complaint, the Supreme Court issued an order of reference dated August 9, 2010. At a court conference on April 11, 2013, the court issued an order, sua sponte, directing, inter alia, the plaintiff to submit within 90 days either a motion for a judgment of foreclosure and sale or a notice of discontinuance of the action. The order further provided that "[t]he failure to comply with this order or provide the court with a good faith basis for non-compliance will result in the dismissal of this action without prejudice."
The plaintiff's counsel thereafter advised the Supreme Court by letter, within the 90-day window, that the plaintiff was unable to move for a judgment of foreclosure and sale by the deadline and would need more time because additional supporting evidence for the motion was being acquired. The court did not respond to counsel's letter.
The plaintiff subsequently moved for a judgment of foreclosure and sale. By order dated May 4, 2015, the Supreme Court rejected the plaintiff's motion papers, stating that "[t]his matter was dismissed by order of this court dated July 11, 2013."
Thereafter, the plaintiff moved, inter alia, to vacate the order dated April 11, 2013, and, upon vacatur, for a judgment of foreclosure and sale. The defendant did not oppose the motion. In an order dated February 26, 2016, the Supreme Court denied the motion, stating that since the plaintiff did not comply with its April 11, 2013, "self effecting" order, the action had been dismissed [*2]on July 11, 2013.
As the plaintiff correctly contends, the ministerial dismissal of the action was improper. Although the Supreme Court appears to have relied upon CPLR 3216 (b) as authority for its actions, the order dated April 11, 2013, failed to constitute a valid 90-day demand under that statute, since it did not recite that noncompliance with its terms "will serve as a basis for a motion . . . for dismissal . . . for unreasonably neglecting to proceed" (CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020; US Bank N.A. v Saraceno, 147 AD3d 1005). Moreover, the court never directed the parties to show cause as to why the action should not be dismissed, and did not enter a formal order of dismissal on notice to the parties as required by CPLR 3216(a) (see Cadichon v Facelle, 18 NY3d 230; US Bank N.A. v Saraceno, 147 AD3d at 1006). Accordingly, the ministerial dismissal, made without notice and without benefit of further judicial review, was erroneous (see Cadichon v Facelle, 18 NY3d at 236). In any event, dismissal was improper because the letter sent by the plaintiff's counsel to the court, which provided a good faith explanation for the delay in moving for a judgment of foreclosure and sale, adequately and timely complied with the terms of the order dated April 11, 2013, and the plaintiff's conduct did not prejudice the defendant and did not support any inference of an intent to abandon the action (see US Bank N.A. v Saraceno, 147 AD3d at 1006).
Inasmuch as the plaintiff also demonstrated its entitlement to a judgment of foreclosure and sale (see US Bank N.A. v Saraceno, 147 AD3d at 1007; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930), the plaintiff's unopposed motion, inter alia, to vacate the order dated April 11, 2013, and, upon vacatur, for a judgment of foreclosure and sale, should have been granted.
The contentions raised by the defendant in his brief are improperly raised for the first time on appeal and have not been considered, as he did not oppose the motion giving rise to the order on appeal.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court