Nationwide Capital Group, Inc. v Weiss (2019 NY Slip Op 01781)





Nationwide Capital Group, Inc. v Weiss


2019 NY Slip Op 01781


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-07616
 (Index No. 19199/08)

[*1]Nationwide Capital Group, Inc., respondent,
v
Chaim Weiss, etc., et al., appellants, et al., defendants.


Mark D. Mermel, Lake Success, NY, for appellants.
Druckman Law Group PLLC, Westbury, NY (Lisa M. Druckman, Lisa M. Browne, and Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Chaim Weiss, Ephraim Goldberg, and Estie Goldberg appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 12, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate a sua sponte order of the same court dated March 20, 2014, conditionally dismissing the action pursuant to CPLR 3216 and directing the County Clerk to cancel the notice of pendency unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days from March 20, 2014, and, in effect, to restore the action to the active calendar, and denied that branch of those defendants' cross motion which was to confirm the dismissal of the action pursuant to the order dated March 20, 2014.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage in 2008. On March 20, 2014, the Supreme Court entered a conditional order of dismissal dismissing the action pursuant to CPLR 3216 and directing the County Clerk to cancel the notice of pendency "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." The plaintiff failed to comply with the order, and it appears that the action was administratively dismissed thereafter without further notice to the parties.
In February 2016, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and, in effect, to restore the action to the active calendar. The defendants Chaim Weiss, Ephraim Goldberg, and Estie Goldberg (hereinafter collectively the defendants) cross-moved, inter alia, to confirm the dismissal of the action. By order dated May 12, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and, in effect, to restore the action to the active calendar, and denied that branch of the defendants' cross motion which was to confirm the dismissal of the action. The defendants appeal.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (BankUnited v Kheyfets, 150 AD3d 948, 949; see CPLR 3216; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748). [*2]Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). While a conditional order of dismissal may have "the same effect as a valid 90-day notice pursuant to CPLR 3216" (Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818; see Griffith v Wray, 109 AD3d 512, 513), the conditional order here was defective in that it did not state that the plaintiff's failure to comply with the notice will serve as a basis for a motion by the court to dismiss the action for failure to prosecute (CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021). Further, the Supreme Court thereafter should not have administratively dismissed the action without further notice to the parties (see Cadichon v Facelle, 18 NY3d at 235-236; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021).
The parties' remaining contentions either are without merit or need not be reached in view of our determination.
Accordingly, we agree with the Supreme Court's grant of those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and, in effect, to restore the action to the active calendar, and denial of that branch of the defendants' cross motion which was to confirm the dismissal of the action.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court