Marinello v Marinello (2019 NY Slip Op 02697)





Marinello v Marinello


2019 NY Slip Op 02697


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-09969
 (Index No. 10790/13)

[*1]George Marinello, appellant, 
v
Maria Marinello, et al., respondents.


Laurino & Laurino, Garden City, NY (Louis M. Laurino and John Newman of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (John Cahalan of counsel), for respondent Maria Marinello, and Law Offices of Andrew P. Saulitis P.C., New York, NY, for respondent Amelia Marinello (one brief filed).



DECISION & ORDER
In an action, inter alia, for a declaratory judgment and to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2017. The order, in effect, denied the plaintiff's motion seeking, in effect, to vacate the Supreme Court's sua sponte dismissal of the amended complaint in November 2016, to restore the action to the calendar, and to schedule further discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, to vacate the Supreme Court's sua sponte dismissal of the amended complaint in November 2016, to restore the action to the calendar, and to schedule further discovery is granted.
In 2013, the plaintiff commenced this action against the defendants seeking, inter alia, to declare null and void a transfer on death agreement that the defendants purport was executed by the parties' mother (hereinafter the mother) on December 27, 2010, approximately two years prior to the mother's death in September 2012. The defendants, who are the plaintiff's siblings, are the named beneficiaries of a certain stock portfolio account pursuant to that transfer on death agreement. The plaintiff also seeks to recover damages for conversion of that stock portfolio account.
After the plaintiff served an amended complaint, the defendant Amelia Marinello moved, inter alia, to dismiss the amended complaint. In an order dated May 19, 2016, the Supreme Court, inter alia, denied the motion and directed the plaintiff to file a note of issue in this action and a related action pending in the Supreme Court, Kings County, by August 31, 2016. In November 2016, the court, in effect, pursuant to CPLR 3216, sua sponte, dismissed the amended complaint and marked the action off its calendar.
On June 20, 2017, the plaintiff, moved, in effect, to vacate the dismissal of the amended complaint, to restore the action to the calendar, and to schedule further discovery. In an order dated August 4, 2017, the Supreme Court, in effect, denied the plaintiff's motion. The plaintiff [*2]appeals.
The Supreme Court should not have, in effect, pursuant to CPLR 3216, sua sponte, dismissed the amended complaint, as the statutory preconditions to dismissal were not met (see CPLR 3216[b]). A court cannot dismiss an action, sua sponte, pursuant to CPLR 3216(a) unless the conditions set forth in CPLR 3216(b) have been met, including the requirement that: "[t]he court or party seeking such relief . . . shall have served a written demand . . . requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed" (CPLR 3216[b][3] [emphasis added]; see Cadichon v Facelle, 18 NY3d 230, 235; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). Moreover, the court should not have administratively dismissed the amended complaint without further notice to the parties (see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 750; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021).
Accordingly, the plaintiff's motion to vacate the Supreme Court's sua sponte dismissal of the amended complaint, to restore the action to the calendar, and to schedule further discovery should have been granted.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court