Waterfall Victoria Master Fund, Ltd. v Gurley (2019 NY Slip Op 03399)





Waterfall Victoria Master Fund, Ltd. v Gurley


2019 NY Slip Op 03399


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00358
 (Index No. 7756/08)

[*1]Waterfall Victoria Master Fund, Ltd., plaintiff,
v
Paul Gurley, et al., defendants; Eliyas Property NY, LLC, nonparty-appellant.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Eliyas Property NY, LLC, appeals from an order of the Supreme Court, Kings County (David B. Vaughn, J.), dated September 16, 2016. The order, insofar as appealed from, denied that branch of the motion of nonparty Eliyas Property NY, LLC, which was to restore the action to the active calendar.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of nonparty Eliyas Property NY, LLC, which was to restore the action to the active calendar is granted.
The Supreme Court should have granted that branch of the motion of nonparty Eliyas Property NY, LLC (hereinafter Eliyas), which was to restore the action to the active calendar. "A case cannot be dismissed pursuant to CPLR 3216(a) . . . unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]).
Here, an order dated April 1, 2014, which purported to serve as a 90-day notice pursuant to CPLR 3216, "was defective in that it failed to state that the plaintiff's failure to comply with the notice will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021, quoting CPLR 3216[b][3]; see Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982). Moreover, the purported dismissal was not properly effectuated pursuant to the requirements of CPLR 3216, since, among other things, the Supreme Court never issued any subsequent order dismissing the action (see Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982; see also Cadichon v Facelle, 18 NY3d at 236). Accordingly, the court should have granted that branch of Eliyas's motion which was to restore the action to the active calendar.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court