U.S. Bank Natl. Assn. v Spence (2019 NY Slip Op 06529)





U.S. Bank Natl. Assn. v Spence


2019 NY Slip Op 06529


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-04014
 (Index No. 32052/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Lisa Spence, et al., defendants, Jaystone, LLC, respondent.


Parker Ibrahim & Berg LLC, New York, NY (Ben Z. Raindorf and Kristin M. Mykulak of counsel), for appellant.
Alter and Barbaro, Brooklyn, NY (Bernard M. Alter and Nichole Castillo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 16, 2017. The order denied the plaintiff's motion to vacate a conditional order of dismissal of the same court dated February 20, 2014.
ORDERED that the order dated February 16, 2017, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion to vacate the conditional order of dismissal dated February 20, 2014, is granted on condition that, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation waiving interest, late charges, and outstanding fees and costs on the loan, as well as attorney's fees, commencing on February 20, 2014, and running through the date of this decision and order; in the event that the plaintiff does not so stipulate and serve and file such stipulation in accordance with the terms of this decision and order, then the order dated February 16, 2017, is affirmed, without costs or disbursements.
The plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the CSMC mortgage-backed pass-through certificates, Series 2007-6 (hereinafter the Bank), commenced this residential mortgage foreclosure action on November 25, 2008, alleging that the defendants Lisa Spence and Shawn Spence (hereinafter together the Spence defendants) defaulted on their monthly payments due under the subject note and mortgage. The Spence defendants failed to interpose an answer, and the Bank subsequently moved for an order of reference, which the Supreme Court granted. Thereafter, the Bank moved on three separate occasions for a judgment of foreclosure and sale. The court denied each of the motions on the ground that the Bank failed to include a proper certificate of conformity.
On February 20, 2014, the court entered a conditional order of dismissal, pursuant to CPLR 3216, on the grounds that more than one year had elapsed since the joinder of issue and that the Bank had unreasonably neglected to prosecute the action. The Bank failed to file a note of issue [*2]or move for entry of judgment within 90 days, as directed by the conditional order.
In 2015, the Bank moved to restore the action to the calendar. Jaystone, LLC, cross-moved to be joined as a party defendant pursuant to CPLR 1018, since it acquired the mortgaged property by deed from the defendant Lisa Spence on August 23, 2013. By order dated December 3, 2015, the Supreme Court denied the Bank's motion and granted Jaystone, LLC's cross motion. In 2016, the Bank once again moved to restore the action to the calendar. By order dated September 22, 2016, the court denied the motion. On November 9, 2016, the Bank moved to vacate the conditional order, arguing that the conditional order was improper on the ground that, contrary to the court's finding, issue was not joined in the action when the order was entered. By order dated February 16, 2017, the court denied the motion. The Bank appeals.
A pleading cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Nationwide Capital Group, Inc. v Weiss, 170 AD3d 870, 871; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). While a conditional order of dismissal may have "the same effect as a valid 90-day notice pursuant to CPLR 3216" (Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818; see Griffith v Wray, 109 AD3d 512, 513), the conditional order here was defective in that it did not state that the plaintiff's failure to comply with the notice will serve as a basis for a motion by the court to dismiss the complaint for failure to prosecute (see CPLR 3216[b][3]; Nationwide Capital Group, Inc. v Weiss, 170 AD3d at 872; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021). Additionally, it appears that the complaint was ministerially dismissed, without a motion, and without the entry of any formal order by the court dismissing the complaint (see Cadichon v Facelle, 18 NY3d at 236; Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006).
Since the Supreme Court acknowledged in the order appealed from that issue was not joined in the action when it entered its conditional order pursuant to CPLR 3216, the court was without authority to issue the conditional order, and it should have granted the Bank's motion to vacate the conditional order (see CPLR 3216[b][1]). However, considering the Bank's prolonged delay of more than two years in moving to vacate the conditional order, and the fact that it failed to raise this issue in two prior motions to restore the action to the calendar, we find that the court should have granted the Bank's motion on the condition that the Bank waive interest, late charges, and outstanding fees and costs on the loan, as well as attorney's fees, commencing on February 20, 2014, the date of the conditional order, and running through the date of this decision and order.
We note that the parties stipulated to the filing of an unauthorized supplemental record on appeal, which contains material that is dehors the record. We decline to take judicial notice of this material, and have not considered it in the determination of this appeal.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court