Rosenfeld v Schneider Mitola LLP (2019 NY Slip Op 06813)





Rosenfeld v Schneider Mitola LLP


2019 NY Slip Op 06813


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-09450
 (Index No. 600732/13)

[*1]Jordan Rosenfeld, appellant, 
v
Schneider Mitola LLP, defendant, Chateau Woodmere Corporation, respondent.


IM Law Group, Cedarhurst, NY (Igor Meystelman of counsel), for appellant.
Michael C. Tromello, Melville, NY (James M. Boyce of counsel), for respondent.



DECISION & ORDER
In action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered June 5, 2018. The order denied the plaintiff's motion to restore the action to the court's calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to restore the action to the court's calendar is granted.
In March 2013, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants. On March 22, 2017, the Supreme Court issued a certification order which, inter alia, certified the matter for trial and directed the plaintiff to file a note of issue within 90 days. The order provided that "[i]f plaintiff does not file a note of issue within 90 days this action may be dismissed. (CPLR 3216)." Thereafter, the parties executed a stipulation dated June 15, 2017, extending the date by which the note of issue must be filed to September 7, 2017. The action was ministerially dismissed on June 21, 2017, without further notice to the parties. By notice of motion dated March 14, 2018, the plaintiff moved to restore the action to the court's calendar. The court denied the motion, and the plaintiff appeals.
An action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021).
The certification order, which purported to serve as a 90-day notice pursuant to CPLR 3216, was defective as it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the court, on its own motion, to dismiss the action for failure to prosecute (see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d at 235-236; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006; Wasif v Khan, 82 AD3d 1084, 1085). Furthermore, contrary to the determination of the Supreme Court, the [*2]subsequent stipulation dated June 15, 2017, which purported to extend the plaintiff's deadline for filing a note of issue until September 7, 2017, did not constitute a valid 90-day demand (see Banik v Evy Realty, LLC, 84 AD3d 994, 996; Wollman v Berliner, 29 AD3d 786; Delgado v New York City Hous. Auth., 21 AD3d 522).
Moreover, it is evident from the record that the action was ministerially dismissed without a motion or notice to the parties, and there was no order of the court dismissing the action (see Cadichon v Facelle, 18 NY3d at 236; US Bank N.A. v Saraceno, 147 AD3d at 1006).
Since the action was not properly dismissed pursuant to CPLR 3216, the Supreme Court should have granted the plaintiff's motion to restore the action to the court's calendar.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court