Deutsche Bank Natl. Trust Co. v Henry (2020 NY Slip Op 07863)





Deutsche Bank Natl. Trust Co. v Henry


2020 NY Slip Op 07863


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11378
 (Index No. 44692/07)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Gail Henry, et al., defendants, 6 Monroe Street, LLC, respondent.


Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 2, 2018. The order denied the plaintiff's motion to vacate a conditional order of dismissal of the same court dated March 7, 2017, and to restore the action to the active calendar.
ORDERED that the order dated August 2, 2018, is reversed, on the law, with costs, and the plaintiff's motion to vacate the conditional order of dismissal dated March 7, 2017, and to restore the action to the active calendar is granted.
In August 2004, the defendants Gail Henry and Elis Joseph borrowed $720,000 from Argent Mortgage Company, LLC (hereinafter Argent). Henry and Joseph executed a note evidencing the loan and a mortgage as security for the note. The mortgage encumbered real property located at 6 Monroe Street, in Brooklyn (hereinafter the subject property). In 2005, the subject property was conveyed to an individual who is not a party to this action. At the time of that conveyance, however, Argent's note was not paid off. In December 2007, the plaintiff commenced this action to foreclose the mortgage. In October 2014, the defendant 6 Monroe Street, LLC (hereinafter the defendant), became the owner of the subject property.
On March 7, 2017, the Supreme Court held a status conference in the action. The court then issued a conditional order of dismissal dated March 7, 2017, in which it stated that more than one year had passed since joinder of issue, and that the plaintiff had unreasonably neglected to prosecute the action. The court then stated that "this action is dismissed pursuant to CPLR 3216 and the County Clerk is directed to cancel the Notice of Pendency unless Plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days of the date hereof." The plaintiff failed to comply with the conditional order of dismissal, and the action was administratively dismissed without further notice to the parties. In May 2018, the plaintiff moved to vacate the conditional order of dismissal, and to restore the action to the active calendar. The defendant opposed the motion. The Supreme Court denied the motion, and the plaintiff appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (BankUnited v Kheyfets, 150 AD3d 948, 949; see CPLR 3216[b][3]). As relevant here, an action cannot be dismissed pursuant to CPLR 3216(a) unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed (see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d 230, 235; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). "While a conditional order of dismissal may have the same effect as a valid 90-day notice pursuant to CPLR 3216" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 750 [internal quotation marks omitted]; see Griffith v Wray, 109 AD3d 512, 513; Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818), the conditional order of dismissal here "'was defective in that it failed to state that the plaintiff's failure to comply with the notice "will serve as a basis for a motion" by the court to dismiss the action for failure to prosecute'" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 750, quoting Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021, quoting CPLR 3216[b][3]). The Supreme Court should not have administratively dismissed the action without further notice to the parties and without benefit of further judicial review (see Cadichon v Facelle, 18 NY3d at 235-236; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021). Accordingly, the court should have granted the plaintiff's motion to vacate the conditional order of dismissal, and to restore the action to the active calendar.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court