MJC Elec., Inc v Hudson Meridian Constr. Group, LLC (2021 NY Slip Op 03258)





MJC Elec., Inc v Hudson Meridian Constr. Group, LLC


2021 NY Slip Op 03258


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 25537/16 Appeal No. 13899N Case No. 2020-03703 

[*1]MJC Electric, Inc, Plaintiff-Appellant,
v
Hudson Meridian Construction Group, LLC, Defendant-Respondent, Noel Hayes et al., Defendants.


Richard G. Monaco, South Salem, for appellant.
Rich, Intelisano & Katz, LLP, New York (Robert J. Howard of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about February 26, 2020, which denied plaintiff's motion to vacate a status conference order that sua sponte dismissed the complaint, unanimously reversed, on the law and the facts, without costs, the motion granted and the complaint reinstated.
Contrary to defendant Hudson's argument, the status conference order sua sponte dismissing the complaint was not appealable as of right (CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333 [2003]; Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697 [1st Dept 2012]). Plaintiff followed proper procedure by "apply[ing] to vacate the order and then appeal[ing] from the denial of that motion so that a suitable record [could] be made and counsel afforded the opportunity to be heard on the issues" (Board of Educ. of City Sch. Dist. of City of N.Y. v Grullon, 117 AD3d 572, 573 [1st Dept 2014] [citations omitted]).
The court improvidently exercised its discretion in imposing the extreme penalty of dismissal without giving plaintiff notice that such a sanction might be imminent (see Armstrong, 95 AD3d at 698; see also Michaluk v New York City Health & Hosps. Corp., 169 AD3d 496 [1st Dept 2019]). Further, the sanction of dismissal was not warranted, and would not have been warranted even upon a motion on notice, based on plaintiff's noncompliance with one order (see Butler v Knights Collision Experts, Inc., 165 AD3d 406 [1st Dept 2018]; see also Ray v Chen, 148 AD3d 568 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021