Naramore v Mount Sinai Health Sys., Inc. (2024 NY Slip Op 02757)

Naramore v Mount Sinai Health Sys., Inc.

2024 NY Slip Op 02757

Decided on May 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2024

Before: Webber, J.P., Kern, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 152989/20 Appeal No. 2314 Case No. 2023-03748 

[*1]Anne B. Naramore, Plaintiff-Respondent,
v
Mount Sinai Health System, Inc., et al., Defendants-Appellants.

Akerman LLP, New York (Rory J. McEvoy of counsel), for appellants.
Kimm Law Firm, New York (Michael S. Kimm of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 3, 2023, which denied defendants' letter application to reconsider a prior order, entered March 23, 2023, granting plaintiff's motion to compel production of electronically stored information for specified date ranges, custodians, and search terms, unanimously affirmed, without costs.
Dismissal of the appeal is not warranted based on defendants' failure to appeal the March 23 order rather than the June 30 status conference order denying reconsideration. While a status conference order is typically not decided on a motion made upon notice and thus unappealable (see Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697, 698 [1st Dept 2012]; CPLR 5701[a][2]), here the order was not sua sponte but rather resolved defendants' letter application, which plaintiff opposed. Under these circumstances, we conclude that the process "afforded [the parties] the opportunity to be heard" and created "a suitable record" for appellate review (MJC Elec., Inc v Hudson Meridian Constr. Group, LLC, 194 AD3d 574, 575 [1st Dept 2021]; cf. Armstrong, 95 AD3d at 698). Contrary to plaintiff's contention, the record neither suggests that the June 30 order was an unappealable consent order (see CPLR 5511), nor resolves the parties' factual dispute concerning counsel's statements at the discovery conference preceding the order.
Defendants fail to show that the court improvidently exercised its discretion in declining to reconsider its March 23 discovery order (see Strout v CF E 88 LLC, 213 AD3d 589, 590 [1st Dept 2023]). The March 23 order directed the parties to "meet and confer IN GOOD FAITH regarding discovery . . . prior to raising any discovery issues with the court." Defendants do not dispute that they failed to meet and confer with plaintiff before submitting their letter application to the court. Defendants also cite no authority supporting their contention that the significant "hit count" of documents generated by the ordered search terms, on its own, demonstrates that plaintiff's discovery requests are "overbroad and unduly burdensome" (Diako v Yunga, 148 AD3d 438, 438 [1st Dept 2017]). Significantly, defendants do not assert that the substance of the discovery requests were not tailored to plaintiff's allegations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2024