Opteum Fin. Servs., LLC v Einersen (2026 NY Slip Op 01205)

Opteum Fin. Servs., LLC v Einersen

2026 NY Slip Op 01205

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-11573
 (Index No. 22939/07)

[*1]Opteum Financial Services, LLC, appellant,
vMichael Einersen, etc., et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), entered October 25, 2017. The order denied the plaintiff's unopposed motion to vacate an order of the same court dated June 14, 2012, sua sponte, directing dismissal of the complaint pursuant to CPLR 3216 for failure to prosecute, and to restore the action to the active calendar.
ORDERED that the order entered October 25, 2017, is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion to vacate the order dated June 14, 2012, and to restore the action to the active calendar is granted.
In November 2007, the plaintiff commenced this action against the defendants Michael Einersen and Catherine Einersen (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants interposed an answer to the complaint. By notice dated December 27, 2011 (hereinafter the 90-day notice), the Supreme Court directed the plaintiff to resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the notice. The plaintiff failed to comply with the 90-day notice, and, in an order dated June 14, 2012, the court, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216, without further notice to the parties. In July 2017, the plaintiff moved to vacate the order dated June 14, 2012, and to restore the action to the active calendar. The motion was unopposed. In an order entered October 25, 2017, the court denied the motion. The plaintiff appeals.
"'CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with'" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749, quoting BankUnited v Kheyfets, 150 AD3d 948, 949; see CPLR 3216[b][3]). An action cannot be dismissed pursuant to CPLR 3216(a) "'unless a written demand is served upon the party against whom such relief is sought in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 749-750 [emphasis and internal quotation marks omitted], quoting Cadichon v Facelle, 18 NY3d 230, 235; see CPLR 3216[b][3]; Marinello v Marinello, 171 AD3d 906, 908; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982; Patel v MBG Dev., Inc., 41 AD3d 682, 683).
Here, there is no evidence in the record that the 90-day notice pursuant to CPLR 3216 was ever properly served upon the plaintiff (see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 750; BankUnited v Kheyfets, 150 AD3d at 949). Consequently, the Supreme Court was without power to dismiss the action (see Krause v Lobacz, 131 AD3d 1128, 1129-1130; Docteur v Interfaith Med. Ctr., 90 AD3d 814, 815).
Since the complaint was not properly dismissed pursuant to CPLR 3216, the Supreme Court should have granted the plaintiff's unopposed motion to vacate the order dated June 14, 2012, and to restore the action to the active calendar (see Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982-983; Patel v MBG Dev., Inc., 41 AD3d at 683; Schwartz v Nathanson, 261 AD2d 527, 528).
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.

2023-11573 DECISION & ORDER ON MOTION
Opteum Financial Services, LLC, appellant, v
Michael Einersen, etc., et al., defendants.
(Index No. 22939/07)

Motion by the defendants Michael Einersen and Catherine Einersen, inter alia, to dismiss the appeal, in effect, on the ground that it has been rendered academic. By decision and order on motion of this Court dated August 2, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court